UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,               Case No. 21-cr-20754

v.                              Hon. Victoria A. Roberts
                              United States District Judge

COLLIN PATRICK VALENTI,

        Defendant.

---

**THE UNITED STATES OF AMERICA'S
SENTENCING MEMORANDUM**

---

In the online conversation that led law enforcement to search Valenti's residence, both sides lied to each other for vastly different reasons. Valenti and an undercover law enforcement employee spoke to each other on Kik, a messaging application. They both claimed that they had children to abuse, with Valenti claiming that he had a four-year-old daughter. The undercover employee obviously did not, and neither did Valenti. The undercover employee pretended to have a child to find those abusing children. Valenti pretended to have a child so he could get another person to create an image of abuse and send it to him.

Thankfully, no child was harmed, but that was not due to a lack of effort on Valenti's part. Valenti sought the creation of sexually explicit images numerous times in the past and engaged in hands-on offending with a minor. The Court should sentence him to 360 months' imprisonment, a sentence that would represent the bottom of the guideline range if Valenti had pleaded guilty to multiple counts.

## I.   VALENTI SOUGHT TO CREATE AN IMAGE OF PRODUCED ABUSE OF A CHILD.

18 U.S.C. § 3553(a) requires, in part, that the Court consider the nature and circumstances of the offense. Here, Valenti's offense is disgusting and among the most serious that this Court can see.

Valenti met an undercover officer online and they both pretended to parents. Valenti pretended to be the parent of a four-year-old daughter and the undercover pretended to be the parent of an eight- year-old:

| | |
|---|---|
| ME: | Not saved |
| SAM: | I have one if you ever do |
| ME: | Mmm what is it of I'll match if u show as long as it's nothing that will wake her |
| SAM: | Just me cumming on her |

PXL_20211208_154849372

Snapchat message with Sam Love Continue

| | |
|---|---|
| ME: | Nice ! Would love to see |
| SAM: | When your able to I will |
| ME: | Ok |
| SAM: | And you pull your coxk out now and sneak a pic |

2

(Valenti 65.) Valenti provided "proof of life" photographs and child pornography images of his supposed minor to the undercover employee, providing the Federal Bureau of Investigation (FBI) with reason to believe that Valenti was abusing a minor child. (PSR ¶ 11.)

FBI agents executed a warrant on December 8, 2021, the same date that Valenti provided these images to the undercover employee. (PSR ¶ 12.) Valenti made numerous admissions both before and after a polygraph examination, including an admission of hands-on sexual abuse of a three-year-old when Valenti was 17 years old, repeated receipt and distribution of child pornography, production of child pornography with a 14-year-old male, and extensive diaper-related activities. (PSR ¶ 12.)

The full report of Valenti's admission is a difficult read, rife with incredibly disturbing activities and histories. (Valenti Polygraph Report, Exhibit A, *filed under seal*). Valenti committed a very serious offense that requires a significant sentence.

## II.   VALENTI'S DEFINING CHARACTERISTIC IS HIS INTEREST IN MINOR CHILDREN OF VARIOUS AGES

The Court also looks at the history and characteristics of a defendant when determining a sentence. 18 U.S.C. § 3553(a)(1). Valenti's defining characteristic is his attraction to children of various ages. He

sought for a teenage boy to produce child pornography, pretended to have a four-year old female child that he abused, often sought images of infants in diapers, and abused a three-year-old male child he babysat. No minor of any age or gender is safe around Valenti. (PSR ¶¶ 10-12.) Additionally, Valenti initially became interested in child pornography through his diaper fetish. Valenti stole dirty diapers from approximately seven different daycare centers.

```
children's diapers as a way to satiate himself.  Since 2014, Valenti has
repeatedly stolen dirty diapers from the trash containers of approximately 7
daycare facilities in southeastern Michigan.
```

(Valenti 57.) Valenti's habit of stealing dirty diapers for his sexual enjoyment is highly disturbing and not a positive characteristic.

Valenti had an enormously difficult childhood. He never had a significant relationship with his father, currently has no contact with his mother, and his uncle who he used to live was convicted of plotting to murder his mother. (PSR ¶¶ 39-40.) His "ACES" score validates this general idea, with a score of eight out of ten for adverse childhood experiences. (PSR ¶ 48.) Valenti's expert diagnosed Valenti with Complex PTSD, a diagnosis reflective of his difficult childhood. (PSR ¶ 47.) Valenti claims that his uncle sexually abused him for two years between the ages of five to seven. (PSR ¶ 40.) Valenti also disclosed

additional inappropriate sexual activity that was not abusive since both parties were minors, but still highly disturbing. And while Valenti's prior abuse may be correlative with his later abuse of others, those who are victims of abuse predominantly do not go on to victimize others. https://livingwell.org.au/managing-difficulties/addressing-the-victim-to-offender-cycle/. There is nothing predestined about Valenti's abuse and perpetuating its cycle is not a reason for a vast reduction in his sentence.

Valenti has completed his high school education. (PSR ¶ 52.). He has a consistent history of employment. (PSR ¶¶ 54-58.) Valenti has a moderate substance abuse problem, though it appears his use of illicit substances aside from marijuana had abated prior to his arrest for this case. (PSR ¶¶ 49-51.)

Valenti's difficult childhood mitigates this offense somewhat but not to the point that it requires a reduction below the bottom of the guidelines. The sentence sought by the government is the sentence that would be at the bottom of the guidelines which takes into that into account as well as the highly aggravating factors about Valenti's characteristics and history.

### III.  THE COURT SHOULD CRAFT A SENTENCE THAT PROTECTS CHILDREN FROM VALENTI

The Court is also to consider the need to protect the public from further offenses Valenti could commit, to punish Valenti for his offense, for the sentence to reflect the serious nature of the offense, and to deter Valenti and others from committing similar offenses. 18 U.S.C. § 3553(a)(2)(A-C). These factors all favor a guideline sentence because the offense here is of the utmost seriousness, amplified by Valenti's repeated commission of this offense. Valenti may have been communicating with an undercover member of law enforcement, but he obviously had no idea that was the case. Valenti wanted the undercover to produce an image of himself ejaculating on a child. He actively sought to create the abuse of others. It is no less serious than if he was in the same room as another person encouraging them to abuse a child. The need to protect the public is great here given his sexual abuse of children and a variance from the guidelines unduly depreciates the serious nature of this offense. The government has essentially capped the sentence at the bottom of the possible guideline range with a plea to one count of sexual exploitation of children, but Valenti's offense does not warrant a further reduction.

## IV.   CONCLUSION

Valenti has repeatedly sought for parents to create sexually explicit images of their children for his pleasure. He has engaged in hands-on abuse in the past and represents a danger to the public. The Court should not vary from the guidelines and should sentence him to 30 years' imprisonment.

Respectfully submitted,

DAWN N. ISON
United States Attorney

*s/Christopher W. Rawsthorne*
CHRISTOPHER W. RAWSTHORNE
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9160
christopher.rawsthorne@usdoj.gov

Dated: January 25, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2023, the foregoing document was electronically filed with the Clerk of the Court of the Eastern District of Michigan using the ECF system, which will send notification to all counsel of record via email.

s/*Christopher W. Rawsthorne*
CHRISTOPHER W. RAWSTHORNE
Assistant United States Attorney

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                Case No. 21-cr-20754

v.                                  Hon. Victoria A. Roberts
                                  United States District Judge

COLLIN PATRICK VALENTI,

                Defendant.

_____/

## INDEX OF EXHIBITS

A.    Valenti's Polygraph Report (*filed under seal*)